Gary T. Lafayette (SBN 88666)
glafayette@lkclaw.com
Brian H. Chun (SBN 215417)
bchun@lkclaw.com
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600

Steven A. Zalesin (*Pro Hac Vice*)
sazalesin@pbwt.com
Jane Metcalf (*Pro Hac Vice*)
jmetcalf@pbwt.com
Dakotah M. Burns (*Pro Hac Vice*)
dburns@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone (212) 336-2110

*Attorneys for Defendant The Coca-Cola Company*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA TAPIA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE COCA-COLA COMPANY,<br><br>Defendant. | Case No. 4:22-cv-01362-HSG<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     December 1, 2022<br>Time:    2:00 pm<br>Place:    Courtroom 2, 4th Floor<br>Judge:   Hon. Haywood S. Gilliam, Jr.<br><br>Amended Complaint Filed:   May 26, 2022 |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 1, 2022 at 2:00 pm, or as soon thereafter as the matter may be heard, in Courtroom 2 before the Honorable Haywood S. Gilliam, Jr. of the Northern District of California, Defendant The Coca-Cola Company will and hereby does move the Court to dismiss Plaintiff Kyla Tapia's Amended Complaint for failure to state a claim. Plaintiff alleges violations of the Unfair Competition Law, *Id.* § 17200, *et seq.*, the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and brings a common-law claim for unjust enrichment.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds set forth in the accompanying memorandum of points and authorities.

Dated:  July 11, 2022

Respectfully submitted,

*/s/ Steven A. Zalesin*_____
Gary T. Lafayette (SBN 88666)
glafayette@lkclaw.com
Brian H. Chun (SBN 215417)
bchun@lkclaw.com
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone: (415) 357-4600

Steven A. Zalesin (*Pro Hac Vice*)
sazalesin@pbwt.com
Jane Metcalf (*Pro Hac Vice*)
jmetcalf@pbwt.com
Dakotah M. Burns (*Pro Hac Vice*)
dburns@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Telephone: (212) 336-2110

*Attorneys for Defendant The Coca-Cola Company*

Memorandum of Points and Authorities in Support
of Defendant The Coca-Cola Company's Motion to Dismiss
Case No. 22-cv-01362-HSG

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

STATEMENT OF ISSUES ............................................................................................................... iv

PRELIMINARY STATEMENT .........................................................................................................1

STATEMENT OF FACTS ..................................................................................................................2

ARGUMENT .......................................................................................................................................4

I.     TAPIA FAILS TO STATE A PLAUSIBLE CLAIM OF DECEPTION ...........................4

     A.     The Statement "100% Natural Flavors" Is Not Misleading.....................................5

          a.     Tapia's claim that malic acid functions as a flavor is conclusory ...............5

          b.     Tapia's own FAC contradicts her claim that malic acid functions as a flavor ..........................................................................................................8

     B.     Reasonable Consumers Would Not Believe Fanta Contains Fruit Juice .................9

II.     TAPIA'S DERIVATIVE UNJUST ENRICHMENT CLAIM FAILS FOR THE SAME REASONS .........................................................................................................................10

CONCLUSION ..................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
 945 F.3d 1225 (9th Cir. 2019) ..................................................................................................4

*Bobo v. Optimum Nutrition, Inc.*,
 No. 14-cv-2408 BEN (KSC), 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) .........................9

*Branca v. Bai Brands, LLC*,
 No. 318CV00757BENKSC, 2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ...............................6

*Bush v. Vaco Tech. Servs.*,
 LLC, No. 17-CV-05605-BLF, 2018 WL 2047807 (N.D. Cal. May 2, 2018)............................8

*Choon's Design, LLC v. ContextLogic Inc.*,
 No. 19-cv-05300 (HSG), 2020 WL 6891824 (N.D. Cal. Nov. 24, 2020) ...............................10

*Clark v. Westbrae Nat., Inc.*,
 No. 20-CV-03221-JSC, 2021 WL 1580827 (N.D. Cal. Apr. 22, 2021) ....................................7

*Colony Cove Properties, LLC v. City Of Carson*,
 640 F.3d 948 (9th Cir. 2011) ....................................................................................................6

*Fahey v. Whole Foods Mkt., Inc.*,
 No. 20-CV-06737-JST, 2021 WL 2816919 (N.D. Cal. June 30, 2021) ...................................7

*Frison v. Accredited Home Lenders, Inc.*,
 No. 10-cv-777 (JM), 2011 WL 2729241 (S.D. Cal. July 13, 2011) .......................................10

*In re German Auto. Manufacturers Antitrust Litig.*,
 No. 391, 2020 WL 1542373 (N.D. Cal. Mar. 31, 2020) ..........................................................9

*Hawkins v. The Coca Cola Company*,
 No. 7:21-cv-08788-KMK (S.D.N.Y.) .......................................................................................3

*Lam v. Gen. Mills, Inc.*,
 859 F. Supp. 2d 1097 (N.D. Cal. 2012) ...................................................................................5

*Naimi v. Starbucks Corp.*,
 No. LACV176484VAPGJSX, 2018 WL 11255596 (C.D. Cal. Feb. 28, 2018) ........................9

*Noohi v. Kraft Heinz Co.*,
 No. 19-cv-10658, 2020 WL 5554255 (C.D. Cal. July 20, 2020)..............................................6

*Optical Coating Lab'y, Inc. v. Applied Vision, Ltd.*,
  No. C-92-4689 MHP, 1995 WL 150513 (N.D. Cal. Mar. 20, 1995)........................................7

*Reid v. Johnson & Johnson*,
  780 F.3d 952 (9th Cir. 2015) ................................................................................................4

*Robie v. Trader Joe's Co.*,
  No. 20-CV-07355-JSW, 2021 WL 2548960 (N.D. Cal. June 14, 2021) ................................7

*Rubio v. U.S. Bank N.A.*,
  No. C 13-05752 LB, 2014 WL 1318631 (N.D. Cal. Apr. 1, 2014) .........................................8

*Sapiro v. Encompass Ins.*,
  221 F.R.D. 513 (N.D. Cal. 2004) ..........................................................................................7

*Sponchiado v. Apple Inc.*,
  No. 18-CV-07533-HSG, 2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) ...............................9

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ...............................................................................5, 6

*Whitaker v. Tesla Motors, Inc.*,
  985 F.3d 1173 (9th Cir. 2021) ...............................................................................................7

*Willard v. Tropicana Mfg. Co., Inc.*,
  No. 20-CV-01501, 2021 WL 6197079 (N.D. Ill. Dec. 30, 2021) ...........................................6

*Zahora v. Orgain LLC*,
  No. 21 C 705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ....................................................9

**Statutes**

California Consumers Legal Remedies Act ....................................................................4, 5, 6, 10

False Advertising Law ......................................................................................................4, 5, 6, 10

Unfair Competition Law ...................................................................................................4, 5, 6, 10

**Other Authorities**

21 C.F.R. § 101.22(a)(1) .................................................................................................... 3, 5, 8

21 C.F.R. § 170.3(o)(11) .................................................................................................... 3, 4, 8

21 C.F.R. § 170.3(o)(23) ........................................................................................................ 2, 5

21 C.F.R. § 184.1069(c) ......................................................................................................... 2, 6

# STATEMENT OF ISSUES

1. Under U.S. Food and Drug Administration ("FDA") regulations, the label of a beverage that contains artificial malic acid may truthfully state that the product has 100% natural flavors, so long as the malic acid does not function as a flavor in the product. *See* 21 C.F.R. §§ 170.3(o)(12), 184.1069(c). Is Plaintiff's threadbare allegation, unsupported by any facts, that malic acid functions as a flavor in Coca-Cola's berry-flavored Fanta® beverage ("Fanta") sufficient to state a viable claim that the product's "100% Natural Flavors" claim is false?

2. Would a reasonable consumer believe that Fanta contains blueberry and raspberry juice, where the label expressly states, in large, prominent, bolded letters, that the product "**Contains No Juice**"?

3. If the representations on Fanta's label would not mislead a reasonable consumer, can Plaintiff state a claim for unjust enrichment?

Defendant The Coca-Cola Company ("Coca-Cola") respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Kyla Tapia.

**PRELIMINARY STATEMENT**

Tapia claims that Fanta's label—which states that the product has "100% Natural Flavors"—is misleading because the beverage contains artificial malic acid. According to Tapia, malic acid, which is duly disclosed on the product's ingredient list, renders the statement false because it functions as a flavor in the Fanta product. She further alleges that certain aspects of the product's appearance, including its bluish color, mislead consumers into believing that the beverage contains raspberry and blueberry juice, despite the fact that the label prominently states "Contains No Juice." These claims are meritless and should be dismissed for two principal reasons.

*First*, under FDA regulations, whether an ingredient is a "flavor" turns on the function it serves in the specific product in question. Tapia's FAC offers nothing but speculation that malic acid functions as a flavor in Fanta. Instead, her allegations support the opposite conclusion. She admits, for example, that malic acid may function as a "pH balancer" or a "flavor enhancer" in beverages—neither of which would qualify as a "flavor" under FDA rules. Moreover, Tapia affirmatively alleges that the malic acid in Fanta functions as a flavor enhancer, not as a flavor that imparts a characteristic taste of its own. The FAC expressly states that the malic acid at issue here is "used to enhance the taste of" Fanta's berry flavor. This admission, by itself, defeats Tapia's claims.

*Second*, Tapia makes no plausible allegation that a reasonable consumer would mistake a carbonated soft drink for fruit juice. In fact, her purported belief that Fanta contains raspberry and blueberry juice is directly belied by the product label, which—by Tapia's own admission—states in large, bolded letters that the product "**Contains No Juice.**" Tapia cannot plausibly claim that

1

1  she believed the product contained fruit juice when the label prominently and expressly disclaimed
2  the presence of any such juice.
3       In short, Tapia's allegations are both unsupported and flatly contradicted by her own FAC.
4  These same defects are fatal to Tapia's derivative unjust enrichment claim.  The FAC should thus
5  be dismissed in its entirety.

**STATEMENT OF FACTS**

Coca-Cola is a global beverage producer whose product portfolio includes Fanta.  FAC ¶ 1.  The front label of Fanta states that the beverage has "100% Natural Flavors."  The label's nutrition facts also state that the beverage "**Contains No Juice.**"  ¶ 105.



As its label makes clear, Fanta also includes a number of other ingredients, one of which is malic acid.  *Id*.  FDA rules recognize that malic acid can serve a variety of functions in a beverage, including as a "pH control agent," a "flavoring agent and adjuvant," or "a flavor enhancer."  21 C.F.R. § 184.1069(c).  A pH control agent is "added to change or maintain active acidity or basicity."  *Id.* § 170.3(o)(23).  A flavoring agent and adjuvant is "added to impart or help

impart a taste or aroma in food." *Id.* § 170.3(o)(12).[1]  And a flavor enhancer is "added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11)).  Given these distinct functions, a beverage may contain malic acid yet still have 100% natural flavors, so long as the function of the malic acid is not to "impart[] a characteristic taste or aroma of its own." *Id.*

### A. Tapia's Allegations

Tapia alleges that the statement "100% Natural Flavors" on Fanta's label is misleading because the beverage contains what she refers to as "artificial DL-Malic Acid." FAC ¶ 30.[2]  Coca-Cola does not dispute that the product contains malic acid (as its label discloses), nor does it dispute that the ingredient is artificially derived.  But Tapia offers only conclusory allegations, not facts, to support her contention that malic acid functions as a flavor in Fanta.  *See, e.g.*, FAC ¶ 31 (summarily claiming that "this malic acid is an artificial flavoring ingredient which provides flavoring to the Product"); ¶ 73 (simply announcing that Fanta contains "artificial flavor in the form of DL-Malic Acid").  Indeed, Tapia admits that malic acid need *not* function as a flavor in beverages, and instead "could function as a flavor enhancer or PH balancer." *Id.* ¶ 80.  Yet she summarily contends, with no factual support, that the malic acid in Fanta does not serve either of these non-flavoring functions.  *See, e.g.*, ¶¶ 85-86 (explaining that FDA defines "PH balancers" as "substances added to change or maintain active acidity or basicity," and then declaring without explanation that "[t]he malic acid used [in Fanta] is not a PH balancer because it is not necessary to change or maintain active acidity or basicity").

---

[1] FDA regulations similarly define "artificial flavor" as "any substance, ***the function of which is to impart flavor***, which is not derived from a [natural source]." 21 C.F.R. § 101.22(a)(1) (emphasis added).

[2] Tapia's counsel has also filed a nearly identical lawsuit related to Fanta's label in the Southern District of New York. *See Hawkins v. The Coca Cola Company*, No. 7:21-cv-08788-KMK (S.D.N.Y.).  Coca-Cola's motion to dismiss in that case is currently pending.

To the extent Tapia alleges any facts relating to malic acid's function, those facts support the conclusion that malic acid acts as a flavor enhancer—***not*** as a flavor that "impart[s] a characteristic taste or aroma of its own." 21 C.F.R. § 170.3(o)(11). She admits, for example, that the product's "natural ratio of sugar and L-Malic Acid" provides a "tart and fruity taste." FAC ¶¶ 55, 62, 77, 94. She further concedes that the malic acid in Fanta does not impart a taste or aroma of its own, but instead is "***used to enhance the taste*** of the fruits pictured on the Product." *Id.* ¶ 94.

Along with her gripes about malic acid, Tapia also alleges that Fanta's "blue appearance," along with "pictures of the berries on the front label," misled her to believe the beverage contains blueberry and raspberry juice. *Id.* ¶¶ 95-105. But Tapia admits that the label expressly states the beverage "**Contains No Juice**." *Id.* ¶ 105. Indeed, she affirmatively alleges that the fact "[t]hat the Product contains no blueberry and raspberry ingredients is confirmed by the back label statement, 'Contains No Juice,' above the Nutrition Facts." *Id.* ¶ 105.

None of Tapia's allegations supports her claim that Fanta's label would mislead a reasonable consumer. Her claims are fatally deficient and should be dismissed.

## ARGUMENT

### I. TAPIA FAILS TO STATE A PLAUSIBLE CLAIM OF DECEPTION

Tapia's FAC should be dismissed with prejudice because she does not and cannot point to an objectively misleading statement on Fanta's label. To state a claim under the Unfair Competition Law ("UCL"), False Advertising Law ("FAL'), or California Consumers Legal Remedies Act ("CLRA"), Tapia must plausibly allege that Fanta's label is misleading "from the vantage point of a reasonable consumer." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Failure to allege a "plausible misunderstanding" is grounds for dismissal at the pleadings stage. *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019). Tapia has failed to allege any such misunderstanding here.

### A. The Statement "100% Natural Flavors" Is Not Misleading

    a. *Tapia's claim that malic acid functions as a flavor is conclusory*

Tapia's principal claim is that the statement "100% Natural Flavors" is deceptive because the product allegedly contains "artificial DL-Malic Acid." FAC ¶ 59. But Tapia cannot state a viable claim under the UCL, FAL or CLRA merely by alleging that some of Fanta's ingredients are "artificial." Rather, she must plausibly allege that Fanta contains an artificial ingredient that **_functions as a flavor_** in the beverage.

FDA rules define an "artificial flavor" as "any substance, **_the function of which is to impart flavor_**, which is not derived from a [natural source]." 21 C.F.R. § 101.22(a)(1). A "flavor[]," in turn, is an ingredient "**_added to impart or help impart taste or aroma_** in food," 21 C.F.R. § 170.3(o)(23) (emphasis added). Thus, Fanta may truthfully state that its product has "100% Natural Flavors"—even if the product has some artificial ingredients—as long as the function or purpose of those ingredients is not "to impart flavor" in the product.

To dispute a product's labeling claim of "natural flavors" or "no artificial flavors," a plaintiff must plausibly allege that the purportedly artificial product ingredients actually function as flavors in the product. Courts routinely dismiss complaints such as Tapia's for failure to do so. *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) ("Hansen's soda cans refer specifically to natural *flavors*, not natural ingredients. Viggiano does not identify any flavors in the sodas that are not natural or artificial; rather, the synthetic ingredients he cites in the complaint—ace-K and sucralose—are artificial sweeteners or flavor enhancers."); *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103 (N.D. Cal. 2012) ("Lam points to a number of cases concerning the use of the labels 'natural' and 'all natural' to describe a product's ingredients. These cases are inapposite since they deal with the labeling of a product's ingredients, not the labeling of its flavors. Here, the labeling challenged by Lam—which is related to the [product's] flavor—is expressly permitted by FDA regulations.").

Tapia's FAC should be dismissed for the same reason. As set forth above, Tapia admits in her FAC that malic acid does not necessarily function as a flavor, and may also serve as a "PH balancer" or a "flavor enhancer." FAC ¶ 80. And she even alleges other facts suggesting that malic acid functions in Fanta not as a "flavor" but as a "flavor enhancer." FAC ¶¶ 55, 62, 77, 94. Nevertheless, she simply announces—without factual support of any kind—that the malic acid at issue here must function as a "flavor." *See, e.g.*, *id.* ¶¶ 73-74 (summarily referring to malic acid as a "flavor").[3] These bare legal conclusions are facially insufficient to state a claim of deception under the UCL, FAL or CLRA. *See Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).).

Although some non-binding district court decisions have described the function of a product ingredient as a "factual dispute inappropriate for resolution on a motion to dismiss," those cases have misapplied the basic pleading standards of Rule 12. *Willard v. Tropicana Mfg. Co., Inc.*, No. 20-CV-01501, 2021 WL 6197079, at *6 (N.D. Ill. Dec. 30, 2021); *see also, e.g., Branca v. Bai Brands, LLC*, No. 318CV00757BENKSC, 2019 WL 1082562, at *8 (S.D. Cal. Mar. 7, 2019)); *Noohi v. Kraft Heinz Co.*, No. 19-cv-10658, 2020 WL 5554255, at *4 (C.D. Cal. July 20, 2020). Courts in this District have repeatedly held that a plaintiff cannot survive dismissal merely

---

[3] Tapia also briefly claims that "[i]rrespective of the purpose [for which] DL-Malic Acid was added to the Product, it has the same effect on its characterizing flavors." FAC ¶ 87. To the extent Tapia contends that her FAC should survive dismissal "irrespective" of the function of malic acid in Fanta, this argument should be rejected out of hand. FDA rules plainly distinguish between pH balancers, flavors and flavor enhancers, *see* 21 C.F.R. § 184.1069(c), and any state-law requirement that does not adopt those same definitions would be preempted by the FDCA. As the *Viggiano* court explained in rejecting the same argument, FDA regulations "expressly permit[]" reference to "all natural flavors" on a product label, even if the product includes artificial ingredients that affect its taste, and thus "any state law requiring [the manufacturer] to use additional or different labeling would not be identical to FDA regulations and would be preempted by the FDCA." 944 F. Supp. at 889-90.

by alleging the ***possibility*** that a product contains an artificial flavor. Rather, a complaint must allege facts—not just legal conclusions—to state a viable claim of deception. *See, e.g.*, *Fahey v. Whole Foods Mkt., Inc.*, No. 20-CV-06737-JST, 2021 WL 2816919, at *4 (N.D. Cal. June 30, 2021) (dismissing claim by Tapia's counsel that ingredients in product were "artificial flavors" because the complaint lacked "any factually substantiated allegations" in support); *Clark v. Westbrae Nat., Inc.*, No. 20-CV-03221-JSC, 2021 WL 1580827, at *5 (N.D. Cal. Apr. 22, 2021) (dismissing conclusory claim by Tapia's counsel "that [the disputed ingredients] in the Product are artificial flavors"); *Robie v. Trader Joe's Co.*, No. 20-CV-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) ("The conclusory allegations that the flavoring is artificial are insufficient to state a claim.").

These decisions reflect the well settled law of this District that "complaints are not to be used as the hook for protracted 'fishing expeditions.'" *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 523 (N.D. Cal. 2004) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Before subjecting a defendant to expensive and burdensome discovery, plaintiffs must first demonstrate that they have a plausible claim by alleging "well-pleaded facts, not legal conclusions." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). Tapia's FAC cannot survive under this standard. Indeed, if a plaintiff could avoid dismissal simply by declaring that an artificial ingredient in a beverage functions as a flavor, then substantially ***all*** beverage manufacturers would be subject to sprawling discovery about the flavor systems of their products, regardless of whether the plaintiff's complaint includes "any factually substantiated allegations" to support her claims. *Fahey*, 2021 WL 2816919 at *4. Federal pleading standards are designed precisely to avoid this outcome. *See, e.g.*, *Optical Coating Lab'y, Inc. v. Applied Vision, Ltd.*, No. C-92-4689 MHP, 1995 WL 150513, at *4 (N.D. Cal. Mar. 20, 1995) ("Discovery permits a party to locate facts that support a sufficiently pled allegation . . . . Discovery cannot, however, serve as a substitute for an adequate pleading.").

7
Memorandum of Law in Support
Of Defendant The Coca-Cola Company's Motion to dismiss
Case No. 22-cv-01362-HSG

Here, Tapia has offered nothing but legal conclusions in support of her claim that the Fanta labeling is deceptive. That is not sufficient to entitle her to discovery. The Court should hold Tapia to the pleading standards of Rule 12 and dismiss her claim with prejudice.

      b.   *Tapia's own FAC contradicts her claim that malic acid functions as a flavor*

As noted above, not only does Tapia fail to allege facts supporting her contention that malic acid operates as a "flavor," but the scant factual allegations in her FAC point to a contrary conclusion—that malic acid functions as a flavor ***enhancer***. As explained above, FDA rules distinguish between a "flavor," which is used to "to impart flavor" in a product, and a "flavor enhancer," which is "added to supplement, enhance, or modify the original taste and/or aroma of a food, ***<u>without imparting a characteristic taste or aroma of its own</u>***." 21 C.F.R. § 101.22(a)(1); *id.* § 170.3(o)(11) (emphasis added).

Tapia's FAC is replete with allegations that the malic acid in Fanta functions as a flavor enhancer, not as a standalone flavor that "impart[s] a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11). She admits that the product's "'characterizing' flavor is Berry," which imparts a "tart and fruity taste." FAC ¶¶ 55, 62, 69, 77, 94. She alleges that Fanta's tart and fruity taste derives from an "original combination of sugar and natural L-Malic Acid," which is "alter[ed]" by the addition of "DL-Malic Acid." *Id.* ¶ 84. And she states unequivocally that the malic acid in Fanta is "***<u>used to enhance the taste</u>*** of the fruits pictured on the Product." *Id.* ¶ 94.

These assertions cannot be reconciled with Tapia's conclusory allegation that the malic acid in Fanta functions as flavor, rather than a flavor enhancer. Because Tapia's own FAC contradicts her allegations, her claims should be dismissed. *See, e.g.*, *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (finding plaintiff's "cause of action [was] not plausible in light of the contradictory allegations elsewhere in the FAC"); *Rubio v. U.S. Bank N.A.*, No. C 13-05752 LB, 2014 WL 1318631, at *13 (N.D. Cal. Apr. 1, 2014) (granting motion to dismiss where "Plaintiff's claim [was] contradicted by other

1  allegations in the FAC"); *In re German Auto. Manufacturers Antitrust Litig.*, No. 391, 2020 WL
2  1542373, at *7 (N.D. Cal. Mar. 31, 2020) (same).

3        **B.**     **Reasonable Consumers Would Not Believe Fanta Contains Fruit Juice**

4        Tapia also alleges that Fanta's "blue color," along with vignettes of a raspberry and
5  blueberry, misled her to believe the product contains fruit juice. FAC ¶ 99. As an initial matter,
6  Fanta is a carbonated soft drink, sold in the soft drink section of stores, and its berry flavor is a
7  variant of the popular orange-flavored version of the product. Tapia makes no plausible allegation
8  that a reasonable consumer would mistake such a soft drink for fruit juice. *See, e.g.*, *Naimi v.*
9  *Starbucks Corp.*, No. LACV176484VAPGJSX, 2018 WL 11255596, at *6 (C.D. Cal. Feb. 28,
10 2018) ("[I]n determining whether a reasonable consumer would have been misled by a particular
11 advertisement, context is crucial." (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d
12 Cir. 2013)); *see also Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill.
13 Nov. 4, 2021) (dismissing claim by Tapia's counsel that word "vanilla" and vignette of vanilla
14 flower on product's label suggested its flavor derived from the vanilla bean, and holding that "a
15 reasonable consumer's reading of the label would only lead her to expect a vanilla bean *flavor*
16 from the Product, however that flavor might be derived").

17       Moreover, as Tapia admits in her FAC, "[t]hat the Product contains no blueberry and
18 raspberry ingredients is confirmed by the back label statement, '**Contains No Juice**,' above the
19 Nutrition Facts." *Id.* ¶ 105 (emphasis added). This statement does not appear as fine print on the
20 back label, but rather appears in large, bolded letters. *Id.* Tapia cannot plausibly allege that she
21 believed the product contained fruit juice when the label prominently and expressly disclaimed the
22 presence of any such juice. This allegation should therefore be dismissed. *See, e.g.*, *Bobo v.*
23 *Optimum Nutrition, Inc.,* No. 14-cv-2408 BEN (KSC), 2015 WL 13102417, at *5 (S.D. Cal. Sept.
24 11, 2015) (holding disclaimer defeated plaintiff's claim of deception where the statement was "not
25 just a small text ingredient list under the nutrition panel," but was instead "displayed in font
26 significantly larger than the ingredient list"); *Sponchiado v. Apple Inc.*, No. 18-CV-07533-HSG,
27
28
                                                     9

2019 WL 6117482, at *3 (N.D. Cal. Nov. 18, 2019) ("[D]ismissal is appropriate where 'the advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer [is] likely to be deceived.'" (citation omitted)).

## II. TAPIA'S DERIVATIVE UNJUST ENRICHMENT CLAIM FAILS FOR THE SAME REASONS

Tapia's unjust enrichment claim is derivative of her deceptive-labeling claims. *See* FAC ¶ 209 ("incorporat[ing] all preceding paragraphs" to state unjust-enrichment claim). This allegation thus fails for the same reasons her UCL, FAL and CLRA claims fail. *See, e.g.*, *Choon's Design, LLC v. ContextLogic Inc.*, No. 19-cv-05300 (HSG), 2020 WL 6891824, at *5 (N.D. Cal. Nov. 24, 2020) ("Plaintiff's unjust enrichment claim also fails because it is a derivative cause of action."); *Frison v. Accredited Home Lenders, Inc.*, No. 10-cv-777 (JM), 2011 WL 2729241, at *5 (S.D. Cal. July 13, 2011) ("Because all other claims against [the defendant] are dismissed, Plaintiff's claim for unjust enrichment is also dismissed . . . .").

## CONCLUSION

Tapia does not and cannot plausibly allege that Fanta's label is false or misleading in any way. No amendment to the FAC could change how a reasonable consumer would interpret the representations on Fanta's label at issue here. The FAC should be dismissed, in its entirety, with prejudice.

Dated: July 11, 2022

Respectfully submitted,

*/s/ Steven A. Zalesin*

Gary T. Lafayette (SBN 88666)
glafayette@lkclaw.com
Brian H. Chun (SBN 215417)
bchun@lkclaw.com
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Steven A. Zalesin (*Pro Hac Vice*)
sazalesin@pbwt.com
Jane Metcalf (*Pro Hac Vice*)
jmetcalf@pbwt.com
Dakotah M. Burns (*Pro Hac Vice*)
dburns@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone (212) 336-2110
Facsimile (212) 336-2111

*Attorneys for Defendant The Coca-Cola Company*