UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA TAPIA,<br><br>        Plaintiff,<br><br>    v.<br><br>THE COCA-COLA COMPANY,<br><br>        Defendant. | Case No. 22-cv-01362-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Pending before the Court is Defendant The Coca-Cola Company's motion to dismiss. Dkt. No. 25 ("Mot."). The motion is fully briefed. *See* Dkt. Nos. 32 ("Oppo."), 33 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

I.  **BACKGROUND**

Defendant manufactures, distributes, markets, labels, and sells berry flavored soda under the brand name "Fanta." *See* Dkt. No. 23 ("FAC"). Plaintiff Kyla Tapia alleges that the label "100% Natural Flavors" on Defendant's product is misleading and unlawful. *See id.* Plaintiff alleges that Defendant flavors the product with DL-malic acid, an artificial type of malic acid, to "create, enhance, simulate, and/or reinforce" the sweet and tart taste of berries. *Id.* ¶ 62. According to Plaintiff, because malic acid comprises one third of the total acids in raspberries and blueberries, it resembles the "characterizing flavors" of those fruits. *Id.* ¶¶ 40, 45, 74. Defendant markets the product as containing "100% Natural Flavors" and only lists "malic acid" on the ingredient label, rather than its artificial form, DL-malic acid. *Id.* ¶ 74. As a result, Plaintiff contends, consumers are misled into believing that the product is flavored with ingredients from natural sources, and induced to purchase a product of lesser value and quality than advertised. *Id.* ¶ 126.

Plaintiff seeks to bring a statewide class action on behalf of herself and "(a)ll citizens of California who purchased the Product for personal or household consumption and/or within the statutory period." *Id.* ¶ 153. The FAC alleges the following causes of action: 1) Violation of Cal. Bus. & Prof. Code §§ 17200 et seq. – Unlawful Conduct Prong of the UCL; 2) Violation of Cal. Bus. & Prof. Code §§ 17200 et seq. – Unfair and Fraudulent Conduct Prong of the UCL; 3) Violation of Cal. Bus. & Prof. Code §§ 17500 et seq. ["FAL"] – False and Misleading Advertising; 4) Violations of the Consumer Legal Remedies Act ["CLRA"], Cal. Civ. Code §§ 1750 et seq.; 5) Unjust Enrichment. *Id.* ¶¶ 163-210. Plaintiff seeks declaratory and injunctive relief, damages, restitution, and disgorgement. *See id.* at 26. Defendant argues that Plaintiff has not plausibly alleged deception and moves to dismiss the complaint in its entirety.[1] *See generally* Mot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317

---

[1] Plaintiff has withdrawn her claims alleging that the blue color of Defendant's soda leads consumers to expect fruit juice in the product. *See* Opp. at 4 n.1. The Court thus only will address whether Plaintiff has stated a plausible claim for 1) deception regarding natural flavors, and 2) unjust enrichment.

2

F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation omitted).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III. DISCUSSION

#### A. UCL, FAL, CLRA Claims

Plaintiff's claims are based on the theory that the "100% Natural Flavors" label is unlawful under California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA) because the product in fact contains DL-malic acid, an artificial flavor. *See generally* FAC. The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL prohibits any untrue or misleading advertising. *See* Cal. Bus. and Prof. Code § 17500. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

Despite their differences, UCL, FAL, and CLRA claims are all evaluated under the

"reasonable consumer" standard. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under this standard, Plaintiff must show that "members of the public are likely to be deceived." *Id.* (quotation omitted). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003) (quotation omitted). Rather, the test is whether "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* "California courts ... have recognized that whether a business practice is deceptive will usually be a question of fact." *Williams*, 552 F.3d at 938. It is thus a "rare situation" when "granting a motion to dismiss [a UCL, CLRA, or FAL claim] is appropriate." *Id.* at 939.

Plaintiffs contend that because the soda contains DL-malic acid, an artificial flavor, Defendant's label "100% Natural Flavors" is misleading. FAC ¶ 73, 74. Further, in Plaintiff's view, by only listing "malic acid" in the ingredients list, Defendant conceals that the product actually contains the artificial form, DL-malic acid. *Id.* ¶ 89. Defendant does not appear to dispute the claim that product contains artificial DL-malic acid but maintains that there is no deception. Mot. at 5. According to Defendant, there is nothing "objectively misleading" about the label because DL-malic acid is only an artificial *ingredient*, not an artificial *flavor*. *Id*.

Defendant contends that Plaintiff has not plausibly alleged that DL-malic acid "functions as a flavor" in the product because Plaintiff "offers only conclusory allegations, not facts" to support her claims and contradicts herself by conceding that malic acid can function as a "flavor enhancer" or "pH balancer." Mot. at 3, 6. Defendant also contends that Plaintiff contradicts her own claim that DL-malic-acid functions as a flavor because she alleges that it is "used to enhance the taste of the fruits pictured on the Product." Mot. at 8 (quoting FAC ¶ 94) (emphasis omitted).

In response, Plaintiff argues that the complaint clearly alleges the use of DL-malic acid as a flavor in the product, given that malic acid "is most responsible for" the "unique tart taste" of blueberries and raspberries. Opp. at 6. Plaintiff also argues that that her allegation that the malic acid is "used to enhance the taste of the fruits" does not contradict her allegation that it is a flavor because "an ingredient which enhances taste is by definition one that reinforces it, which is

4

sufficient to qualify as a flavor." *Id.* at 8 (quotations omitted and cleaned up).  Plaintiff further contends that her claims and Defendant's "alternative explanations" for DL-malic-acid's function are both plausible, which means that the FAC should not be dismissed. *Id.* at 8.

While this is hardly the most overwhelming case the Court has seen, it finds that Plaintiff has sufficiently stated her deception claims so as to avoid dismissal.  Whether a reasonable consumer would be deceived by the label "100% Natural Flavors" turns on the question of whether malic acid functions as a flavor or flavor enhancer.  *See Branca v. Bai*, 2019 WL 1082562 at *9 (S.D. Cal. 2019) (explaining that "[i]f it is determined that the Defendants should have disclosed the 'artificial flavor,' then a reasonable consumer would likely be deceived by the Product's packaging [label], which clearly states 'No artificial flavors.' (alteration in original) (citations omitted)).  The Court recognizes that the FDA distinguishes between an artificial flavor, which imparts flavor not derived from a natural source, and a flavor enhancer, which supplements, enhances, or modifies the original taste, without imparting a taste of its own.  *Compare* 21 C.F.R. § 101.22(a)(1) *with* § 170.3(o)(11).  However, the Court finds that whether malic acid functions as a flavor or a flavor enhancer in the soda at issue is a factual dispute not appropriate for resolution at the motion to dismiss stage.  *See Branca*, 2019 WL 1082562, at * 5 (denying motion to dismiss because the court could not "make a factual determination at this time as to whether malic acid is an artificial flavor").[2]

At this stage, the Court cannot say as a matter of law that the product label was not misleading or deceptive, or that a reasonable consumer would not be deceived by the product label.  *See Williams*, 552 F.3d at 939.  The Court thus finds that Plaintiff has sufficiently pled deception and **DENIES** the Motion to Dismiss as to these claims.

---

[2] Defendant acknowledges that several district courts have found that the flavor versus flavor enhancer dispute is inappropriate to resolve at the motion to dismiss stage.  Mot. at 6.  Defendant just argues that those courts "misapplied" the pleading standard, reasoning that Plaintiff's "legal conclusions" lack substantial factual allegations to survive a motion to dismiss.  *Id.* at 7.  However, though they are sparse, Plaintiff has alleged facts: malic acid comprises a large percentage of the total acids in berries and provides flavor by giving the product its unique tart taste.  *See* FAC ¶¶ 45, 62, 74, 83.  Even if it is possible that Plaintiff's allegations may later be proved false, at the pleading stage, the Court must presume them to be true.  *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

5

### B. Unjust Enrichment

Defendant argues that Plaintiff's unjust enrichment claim is derivative of her other claims and should likewise be dismissed. Mot. at 10 (citation omitted). Defendant's argument relies solely on the dismissal of Plaintiff's deception claims and fails to articulate any other reason for dismissal. As with Plaintiff's deception claims, the Court finds that unjust enrichment is sufficiently pled. Therefore, the Court **DENIES** the motion to dismiss the Plaintiff's unjust enrichment claim.

## IV. CONCLUSION

Accordingly, the Court **DENIES** the motion to dismiss in its entirety.

The Court further **SETS** a telephonic case management conference on April 11, 2023, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The Court further **DIRECTS** the parties to meet and confer and submit a joint case management statement by April 4, 2023. The parties should be prepared to discuss how to move this case forward efficiently. Given the nature of the parties' contentions, the Court is specifically interested in discussing whether an early motion for summary judgment, focused on whether the malic acid in fact functions as a flavor or flavor enhancer in the product at issue, would be appropriate.

**IT IS SO ORDERED.**

Dated: 3/23/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge