LAFAYETTE & KUMAGAI LLP
Gary T. Lafayette (SBN 88666)
Brian H. Chun (SBN 215417)
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
glafayette@lkclaw.com
bchun@lkclaw.com

PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin (*Pro Hac Vice*)
Jane Metcalf (*Pro Hac Vice*)
Dakotah M. Burns (*Pro Hac Vice*)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
sazalesin@pbwt.com
jmetcalf@pbwt.com
dburns@pbwt.com

*Attorneys for Defendant The Coca-Cola Company*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA TAPIA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE COCA-COLA COMPANY,<br><br>        Defendant. | Case No. 4:22-cv-01362-HSG<br><br>**DEFENDANT THE COCA-COLA COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br><br>First Amended Complaint Filed:  May 26, 2022 |

    Defendant The Coca-Cola Company ("Coca-Cola"), by and through its attorneys, hereby

submits its Answer and Affirmative Defenses to the First Amended Complaint (the "FAC") of

Plaintiff Kyla Tapia ("Tapia") as follows:

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.       Coca-Cola admits that it produces berry flavored carbonated beverages under its Fanta® brand, some of which have the phrase "100% Natural Flavors" on their product labels. Coca-Cola otherwise denies the allegations in Paragraph 1.

**FACTUAL ALLEGATIONS**

**I.       CONSUMER DEMAND FOR NATURAL FLAVORS**

2.       Paragraph 2 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 2.

3.       Paragraph 3 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 3.

4.       Paragraph 4 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 4.

5.       Paragraph 5 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 5.

6.       Paragraph 6 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola admits that 21 C.F.R. § 101.22(a)(3) includes the quoted text, and otherwise denies the allegations in Paragraph 6.

7.       Paragraph 7 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola admits that 21 C.F.R. § 101.22(a)(1) includes the quoted text, and otherwise denies the allegations in Paragraph 7.

8.     Paragraph 8 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 8.

9.     Paragraph 9 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 9.

10.     Paragraph 10 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 10.

11.     Paragraph 11 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 11.

12.     Paragraph 12 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 12.

13.     Paragraph 13 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 13.

14.     Paragraph 14 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 14.

15.     Paragraph 15 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 15.

16.     Paragraph 16 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 16.

17.     Paragraph 17 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 17.

18.     Paragraph 18 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 18.

19.     Paragraph 19 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 19.

20.     Paragraph 20 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 20.

21.     Paragraph 21 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 21.

22.     Paragraph 22 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 22.

23.     Paragraph 23 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 23.

## II.     FLAVORING REPRESENTED AS ONLY COMING FROM NATURAL FLAVORS

24.     Coca-Cola admits that the word "BERRY" and the phrase "100% NATURAL FLAVORS" appear on the front of the Product.  Coca-Cola otherwise denies the allegations in Paragraph 24.

25.     Paragraph 25 purports to describe visual representations on the Product label as pictured in Paragraph 25.  Coca-Cola denies the allegations in Paragraph 25, and avers that the photograph in Paragraph 25 speaks for itself.

26.     Coca-Cola denies the allegations in Paragraph 26.

27.     Coca-Cola admits that the Product label lists both "Natural Flavors" and "Malic Acid" as ingredients.

28.     Coca-Cola admits that the ingredients are listed in the order described.  Coca-Cola otherwise denies the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 29.

30.     Coca-Cola admits that the label lists "Malic Acid" as an ingredient.  Coca-Cola otherwise denies the allegations in Paragraph 30.

31.     Coca-Cola denies the allegations in Paragraph 31.

III.    **MALIC ACID**

32.     Paragraph 32 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 32.  The specified regulation states that "artificial flavors" are "any substance, the function of which is to impart flavor," not to "impart taste."

33.     Paragraph 33 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 33.

34.     Paragraph 34 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 34.

35.     Paragraph 35 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 35.

36.     Paragraph 36 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 36.

37.     Paragraph 37 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 37.

38.     Paragraph 38 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.     Paragraph 39 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 39.

40.     Paragraph 40 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 40.

41.     Paragraph 41 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 41.

42.     Paragraph 42 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42.

43.      Paragraph 43 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 43.

44.     Paragraph 44 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 44.

45.     Paragraph 45 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 45.

46.     Paragraph 46 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 46.

## IV.     CHEMICAL STRUCTURE OF MALIC ACID

47.     Paragraph 47 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 47.

48.     Paragraph 48 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 48.

49.     Paragraph 49 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 49.

50.     Paragraph 50 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 50.

51.     Paragraph 51 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 51.

52.     Paragraph 52 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 52.

53.     Paragraph 53 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.     Paragraph 54 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 54.

55.     Paragraph 55 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 55.

56.     Paragraph 56 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 56.

57.     Paragraph 57 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 57.

## V.      ADDITION OF DL-MALIC ACID

58.      Paragraph 58 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 58.

59.      Paragraph 59 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 59.

60.      Paragraph 60 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 60.

61.      Coca-Cola denies the allegations in Paragraph 61.

62.      Coca-Cola denies the allegations in Paragraph 62.

63.      Coca-Cola denies the allegations in Paragraph 63.

64.      Paragraph 64 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 64.

65.      Paragraph 65 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 65.

66.      Paragraph 66 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 66.

## VI.      REQUIREMENTS FOR LABELING

67.      Paragraph 67 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 68.

69.     Coca-Cola admits that the word "BERRY" appears on the front of the Product. Coca-Cola also admits that the Product has imagery of berries on the label.  Paragraph 69 otherwise contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 70.

71.     Paragraph 71 purports to describe statements on the Product label pictured in Paragraph 71.  Coca-Cola avers that the photograph in Paragraph 71 speaks for itself.

72.     Paragraph 72 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 72.

73.     Paragraph 73 purports to describe statements on the Product label pictured in Paragraph 71.  Coca-Cola denies the allegations in Paragraph 73, and avers that the photograph in Paragraph 71 speaks for itself.

74.     Paragraph 74 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 74.

75.     Paragraph 75 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 75.

76.     Paragraph 76 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 76.

77.     Paragraph 77 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 77.

78.     Paragraph 78 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 78.

79.     Coca-Cola denies the allegations in Paragraph 79.

80.     Coca-Cola admits the allegations in Paragraph 80.

81.     Paragraph 81 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola admits that 21 C.F.R. § 170.3(o)(11) includes the quoted text.

82.     Paragraph 82 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 82.

83.     Coca-Cola denies the allegations in Paragraph 83.

84.     Coca-Cola denies the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola admits that 21 C.F.R. § 170.3(o)(23) includes the quoted text.

86.     Coca-Cola denies the allegations in Paragraph 86.

87.     Coca-Cola denies the allegations in Paragraph 87.

88.     Paragraph 88 contains unintelligible allegations and therefore no response is required.  To the extent a response is required, Coca-Cola denies the allegations in Paragraph 88.

89.     Paragraph 89 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 89.

90.     Coca-Cola denies the allegations in Paragraph 90.

DEFENDANT THE COCA-COLA COMPANY'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT;
CASE NO. 4:22-CV-01362-HSG

91.     Paragraph 91 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 91.

92.     Coca-Cola denies the allegations in Paragraph 92.

93.     Coca-Cola denies the allegations in Paragraph 93.

94.     Coca-Cola denies the allegations in Paragraph 94.

## VII.     PRODUCT LACKS APPRECIABLE AMOUNT OF BLUEBERRY AND RASPBERRY INGREDIENTS

95.     Coca-Cola admits that the Product has a blue appearance.  The allegations in Paragraph 95 are otherwise denied.

96.     Coca-Cola denies the allegations in Paragraph 96.

97.     Paragraph 97 purports to describe statements on the Product label pictured in Paragraph 97.  Coca-Cola avers that the photograph in Paragraph 97 speaks for itself.

98.     Coca-Cola admits that "NATURAL FLAVORS" is listed as an ingredient.  Coca-Cola otherwise denies the allegations in Paragraph 98.

99.     Paragraph 99 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 99.

100.     Coca-Cola denies the allegations in Paragraph 100.

101.     Coca-Cola denies the allegations in Paragraph 101.

102.     Paragraph 102 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 102.

103.     Coca-Cola denies the allegations in Paragraph 103.

104.     Coca-Cola denies the allegations in Paragraph 104.

105.     Coca-Cola denies the allegations in Paragraph 105.

106.     Coca-Cola denies the allegations in Paragraph 106.

107. Paragraph 107 contains no allegations directed to Coca-Cola, and therefore no response is required. To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 107.

108. Paragraph 108 contains no allegations directed to Coca-Cola, and therefore no response is required. To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 108.

109. Coca-Cola denies the allegations in Paragraph 109.

110. Coca-Cola denies the allegations in Paragraph 110.

111. Coca-Cola denies the allegations in Paragraph 111.

112. Paragraph 112 contains no allegations directed to Coca-Cola, and therefore no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 112.

113. Coca-Cola denies the allegations in Paragraph 113.

114. Paragraph 114 contains no allegations directed to Coca-Cola, and therefore no response is required. To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 114.

115. Paragraph 115 contains unintelligible allegations and therefore no response is required. To the extent a response is required, Coca-Cola denies the allegations in Paragraph 115.

**VIII.  RELIANCE AND ECONOMIC INJURY**

116. Coca-Cola denies that the Product label contains any misleading statement. Coca-Cola lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 116.

117. Paragraph 117 contains no allegations directed to Coca-Cola, and therefore no response is required. To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 117.

118.    Paragraph 118 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 118.

119.    Coca-Cola denies the allegations in Paragraph 119.

120.    Coca-Cola denies the allegations in Paragraph 120.

121.    Coca-Cola denies the allegations in Paragraph 121.

122.    Coca-Cola denies the allegations in Paragraph 122.

## PARTIES

123.    Paragraph 123 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 123.

124.    Paragraph 124 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 124.

125.    Paragraph 125 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 125.

126.    Paragraph 126 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 126.

127.    Paragraph 127 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 127.

128.    Paragraph 128 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 128.

129.   Paragraph 129 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 129.

130.   Paragraph 130 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 130.

131.   Paragraph 131 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 131.

132.   Coca-Cola admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia.

133.   Coca-Cola admits that it owns the Fanta trademark, and otherwise denies the allegations in Paragraph 133.

134.   Coca-Cola admits the allegations in Paragraph 134.

135.   Coca-Cola denies the allegations in Paragraph 135.

136.   Paragraph 136 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is required, Coca-Cola lacks information or knowledge to admit or deny the allegations in Paragraph 136.

137.   Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 137.

138.   Paragraph 138 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 138.

139.   Coca-Cola denies the allegations in Paragraph 139.

140.   Coca-Cola admits that the Product is sold at numerous locations.  Coca-Cola lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 140.

141.     Coca-Cola admits the allegations in Paragraph 141.

142.     Paragraph 142 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 142.

143.     Paragraph 143 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 143.

144.     Paragraph 144 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 144.

## JURISDICTION AND VENUE

145.     Paragraph 145 contains legal conclusions and therefore no response is required. Coca-Cola respectfully refers the Court to 28 U.S.C. § 1332 for a full and accurate recitation of its provisions.

146.     Coca-Cola admits that the Product is sold in California.  Coca-Cola lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 146.

147.     Paragraph 147 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 147.

148.     Coca-Cola admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia.

149.     Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 149.

150.     Paragraph 150 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 150.

1    151.    Paragraph 151 contains legal conclusions and therefore no response is required.

2    To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 151.

3    152.    Paragraph 152 contains legal conclusions and therefore no response is required.

4    To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 152.

5                          **CLASS ACTION ALLEGATIONS**

6    153.    Paragraph 153 contains no allegations directed to Coca-Cola, and therefore no

7    response is required.  To the extent a response is deemed required, Coca-Cola lacks information

8    or knowledge sufficient to admit or deny the allegations in Paragraph 153.

9    154.    Paragraph 154 contains no allegations directed to Coca-Cola, and therefore no

10   response is required.  To the extent a response is deemed required, Coca-Cola lacks information

11   or knowledge sufficient to admit or deny the allegations in Paragraph 154.

12   155.    Paragraph 155 contains legal conclusions to which no response is required.  To the

13   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 155.

14   156.    Paragraph 156 contains legal conclusions to which no response is required.  To the

15   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 156.

16   157.    Paragraph 157 contains legal conclusions to which no response is required.  To the

17   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 157.

18   158.    Paragraph 158 contains legal conclusions to which no response is required.  To the

19   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 158.

20   159.    Paragraph 159 contains legal conclusions to which no response is required.  To the

21   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 159.

22   160.    Paragraph 160 contains legal conclusions to which no response is required.  To the

23   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 160.

24   161.    Paragraph 161 contains legal conclusions to which no response is required.  To the

25   extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 161.

26

27

162.    Paragraph 162 contains no allegations directed to Coca-Cola, and therefore no response is required.  To the extent a response is deemed required, Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 162.

**FIRST CLAIM**
**Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.**
**Unlawful Conduct Prong of the UCL**

163.    Coca-Cola incorporates its responses and denials to the foregoing allegations in response to Paragraph 163.

164.    Coca-Cola denies the allegations in Paragraph 164.

165.    Paragraph 165 contains no allegations directed to Coca-Cola, and therefore no response is required.  Coca-Cola respectfully refers the Court to California Business & Professions Code § 17200 for a full and accurate recitation of its provisions.

166.    Coca-Cola denies the allegations in Paragraph 166.

167.    Coca-Cola denies the allegations in Paragraph 167.

168.    Coca-Cola denies the allegations in Paragraph 168.

169.    Coca-Cola denies the allegations in Paragraph 169.

170.    Coca-Cola denies the allegations in Paragraph 170.

171.    Coca-Cola denies the allegations in Paragraph 171.

172.    Coca-Cola denies the allegations in Paragraph 172.

173.    Coca-Cola denies the allegations in Paragraph 173.

174.    Coca-Cola denies the allegations in Paragraph 174.

175.    Coca-Cola denies the allegations in Paragraph 175.

176.    Paragraph 176 contains allegations not directed to Coca-Cola for which no response is required. The remainder of Paragraph 176 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 176.

177.   Paragraph 177 contains allegations not directed to Coca-Cola for which no response is required. The remainder of Paragraph 177 contains legal conclusions to which no response is required.   To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 177.

**SECOND CLAIM**
**Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.**
**Unfair and Fraudulent Conduct Prong of the UCL**

178.   Coca-Cola incorporates its responses and denials to the foregoing allegations in response to Paragraph 178.

179.   Paragraph 179 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, Coca-Cola admits that California Business & Professions Code § 17200 includes the quoted language.

180.   Coca-Cola denies the allegations in Paragraph 180.

181.   Coca-Cola denies the allegations in Paragraph 181.

182.   Coca-Cola denies the allegations in Paragraph 182.

183.   Coca-Cola denies the allegations in Paragraph 183.

184.   Coca-Cola denies the allegations in Paragraph 184.

185.   Coca-Cola denies the allegations in Paragraph 185.

186.   Paragraph 186 contains allegations not directed to Coca-Cola for which no response is required. The remainder of Paragraph 186 contains legal conclusions to which no response is required.   To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 186.

187.   Paragraph 187 contains allegations not directed to Coca-Cola for which no response is required. The remainder of Paragraph 187 contains legal conclusions to which no response is required.   To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 187.

### THIRD CLAIM
**Violation of Cal. Bus. & Prof. Code §§ 17500 et seq.**
**False and Misleading Advertising**

188.    Coca-Cola incorporates its responses and denials to the foregoing allegations in response to Paragraph 188.

189.    Paragraph 189 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, Coca-Cola admits that California Business & Professions Code § 17508 includes the quoted text.

190.    Coca-Cola denies the allegations in Paragraph 190.

191.    Coca-Cola denies the allegations in Paragraph 191.

192.    Coca-Cola denies the allegations in Paragraph 192.

193.    Coca-Cola denies the allegations in Paragraph 193.

### FOURTH CLAIM
**Violation of the Consumer Legal Remedies Act,**
**Cal. Civ. Code §§ 1750 et seq.**

194.    Coca-Cola incorporates its responses and denials to the foregoing allegations in response to Paragraph 194.

195.    Paragraph 195 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 195.

196.    Coca-Cola denies the allegations in Paragraph 196.

197.    Coca-Cola denies the allegations in Paragraph 197.

198.    Coca-Cola denies the allegations in Paragraph 198.

199.    Coca-Cola admits that Tapia's counsel sent Coca-Cola a CLRA notice dated March 7, 2022.

200.    Coca-Coca admits that it received a CLRA notice from Tapia's counsel in March 2022.  Coca-Cola otherwise lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 200.

1      201.    Coca-Cola lacks information or knowledge sufficient to admit or deny the

2  allegations in Paragraph 201.

3      202.    Coca-Cola lacks information or knowledge sufficient to admit or deny the

4  allegations in Paragraph 202.

5      203.    Coca-Cola admits that the notice contains the facts alleged in Paragraph 203.

6      204.    Coca-Cola denies the allegations in Paragraph 204.

7      205.    Coca-Cola admits the allegations in Paragraph 205.

8      206.    Coca-Cola admits that the CLRA notice threatened to bring the action referenced

9  in Paragraph 206.  Coca-Cola otherwise lacks information or knowledge sufficient to admit or

10  deny the allegations in Paragraph 206.

11      207.    Coca-Cola admits that it did not respond to the notice described in Paragraph 207.

12      208.    Paragraph 208 contains allegations not directed to Coca-Cola for which no

13  response is required.  The remainder of Paragraph 208 contains legal conclusions to which no

14  response is required.  To the extent a response is deemed required, Coca-Cola denies the

15  allegations in Paragraph 208.

### FIFTH CLAIM
**Unjust Enrichment**

18      209.    Coca-Cola incorporates its responses and denials to the foregoing allegations in

19  response to Paragraph 209.

20      210.    Coca-Cola denies the allegations in Paragraph 210.

### JURY DEMAND AND PRAYER FOR RELIEF

22      Coca-Cola denies that Tapia and/or any of the putative class members are entitled to relief,

23  including but not limited to the relief sought in subparts A-K of the "Jury Demand and Prayer for

24  Relief."  Coca-Cola specifically denies that any class or classes can or should be certified.

1

## **AFFIRMATIVE DEFENSES**

2      Coca-Cola sets forth below its affirmative defenses.  By setting forth these affirmative

3   defenses, Coca-Cola does not assume the burden of proving any fact, issue, or element of a cause

4   of action where such burden properly belongs to Tapia.  Moreover, nothing stated herein is

5   intended or should be construed as an acknowledgement that any particular issue or subject

6   matter necessarily is relevant to Tapia's allegations.

7                          **FIRST AFFIRMATIVE DEFENSE**

8                                   **(Preemption)**

9      The claims in the FAC are barred, in whole or in part, because they are preempted by

10   federal law.

11                        **SECOND AFFIRMATIVE DEFENSE**

12                        **(Primary / Exclusive Jurisdiction)**

13      The claims in the FAC are barred, in whole or in part, by the doctrines of primary and/or

14   exclusive regulatory agency jurisdiction.

15                         **THIRD AFFIRMATIVE DEFENSE**

16                                  **(Safe Harbor)**

17      The claims in the FAC are barred, in whole or in part, by California's safe harbor

18   doctrine because Coca-Cola's conduct, at all relevant times and places, was in compliance with

19   applicable law and industry standards.

20                                **FOURTH DEFENSE**

21                              **(Lack of Standing)**

22      Tapia's and putative class members' claims are barred, in whole or in part, by lack of

23   standing and failure to establish any cognizable injury.

24

25

26

27

**FIFTH DEFENSE**

**(Speculative or Uncertain Damages)**

Tapia fails to and cannot prove money damages with any degree of certainty sufficient to permit recovery of damages.

**SIXTH DEFENSE**

**(No Injunctive Relief)**

To the extent Tapia seeks injunctive relief, such relief is barred because Tapia and/or members of the asserted putative class cannot show imminent and irreparable harm sufficient to warrant injunctive relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

To the extent the FAC seeks injunctive relief, Tapia is not entitled to such relief because Tapia's claim for injunctive relief is moot.

**EIGHTH DEFENSE**

**(Adequate Remedy at Law)**

Tapia's and putative class members' equitable claims are barred, in whole or in part, to the extent there is an adequate remedy at law.

**NINTH DEFENSE**

**(No Duty to Disclose)**

Tapia's claims are barred, in whole or in part, because Coca-Cola was not under a legal duty to disclose the allegedly concealed facts.

**TENTH DEFENSE**

**(No Class Action)**

To the extent Tapia seeks to certify a class action based on alleged violations of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and California Consumers

Legal Remedies Act ("CLRA"), Tapia has failed to satisfy the requirements set forth in Fed. R. Civ. P. 23.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

The claims in the FAC are barred by the voluntary payment doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations or Repose)

The claims in the FAC are barred, in whole or in part, by the applicable statutes of limitations or repose.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equity)

The claims in the FAC are barred, in whole or in part, by principles of equity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (California Civil Code § 1781)

To the extent Tapia seeks to certify a class action based on alleged violations of the CLRA, Cal. Civ. Code, § 1750 et seq., Tapia has failed to satisfy the requirements set forth in California Civil Code § 1781.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (California Civil Code § 1782)

To the extent Tapia and putative class members seek damages for alleged violations of the CLRA, Tapia has failed to satisfy the prerequisites set forth in California Civil Code § 1782.

## SIXTEENTH AFFIRMATIVE DEFENS

### (California Civil Code § 1784)

To the extent Tapia and putative class members allege violations of the CLRA, Coca-Cola has a complete defense under California Civil Code § 1784.

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

**(Cal Bus & Prof Code § 17200, et seq.)**

3

Tapia's claims under the UCL, Business and Professions Code § 17200 et seq., are barred

4

or limited, in whole or in part, by the terms of the UCL, or otherwise, and Coca-Cola is entitled

5

to the defenses set forth therein.

6

**EIGHTEENTH AFFIRMATIVE DEFENSE**

7

**(No Punitive Damages)**

8

Tapia is not entitled to recover punitive damages from Coca-Cola under the applicable

9

provisions of law, or any other damages that violate Coca-Cola's constitutional and due process

10

rights.

11

**NINETEENTH AFFIRMATIVE DEFENSE**

12

**(Failure to State a Claim)**

13

The FAC fails to state a claim against Coca-Cola upon which relief can be granted.

14

**RESERVATION OF ADDITIONAL DEFENSES**

15

Coca-Cola reserves the right to raise any additional defenses, affirmative or otherwise,

16

and any counterclaims which may become apparent through discovery in the course of this

17

action. Coca-Cola further reserves all legal defenses that it may have against the putative class

18

and against each member of the putative class.

19

**WHEREFORE**, Coca-Cola requests that judgment be entered in its favor and against

20

Tapia; that the Court find that this suit cannot be maintained as a class action; and that Coca-

21

Cola be awarded its costs, attorneys' fees and such other and further relief as the Court may

22

deem just and proper.

23

24

25

26

27

1   Dated:  June 23, 2023                    /s/ Steven A. Zalesin

2                                             Steven A. Zalesin
                                              sazalesin@pbwt.com
3                                             Jane Metcalf
                                              jmetcalf@pbwt.com
4                                             Dakotah M. Burns
                                              dburns@pbwt.com
5                                             PATTERSON BELKNAP WEBB & TYLER LLP
                                              1133 Avenue of the Americas
6                                             New York, New York 10036
                                              (212) 336-2000
7

8                                             Gary T. Lafayette
                                              glafayette@lkclaw.com
9                                             Brian H. Chun
                                              bchun@lkclaw.com
10                                            LAFAYETTE & KUMAGAI LLP
                                              1300 Clay Street, Suite 810
11                                            Oakland, California 94612
                                              Phone: (415) 357-4600
12                                            Fax: (415) 357-4605
13

14                                            *Attorneys for Defendant The Coca-Cola Company*

15

16

17

18

19

20

21

22

23

24

25

26

27
                                              DEFENDANT THE COCA-COLA COMPANY'S ANSWER
                                              TO PLAINTIFF'S FIRST AMENDED COMPLAINT;
                                              CASE NO. 4:22-CV-01362-HSG