Kyle Norman Gurwell (State Bar No. 289298)
7755 Center Ave.
Suite 1100
Huntington Beach, CA 92647
T: 714-372-2245
kng@lawofficekg.com

*Attorney for Plaintiffs and Putative Class Members*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA TAPIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY,<br><br>Defendant. | CASE NO. 4:22-cv-01362-HSG<br><br>**STIPULATED AND  PROTECTIVE ORDER** |

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in the course of this litigation may be warranted. Accordingly, Plaintiff Kyla Tapia ("Plaintiff") and Defendant The Coca-Cola Company ("Coca-Cola" or "Defendant"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Stipulated Protective Order" or "Order") for designating and protecting confidential or proprietary information and for addressing the inadvertent production of privileged material in the above-captioned action (the "Action").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      **DEFINITIONS**[1]

2.1     <u>Action</u>: *Tapia v. The Coca-Cola Company*, Case No. 4:22-cv-01362 (N.D. Cal.).

2.2     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>:  Any Discovery Material that the Producing Party believes in good faith contains confidential information including but not limited to its proprietary business information, or other confidential research, design, development, financial or commercial information, personal financial information about any party to this lawsuit, personal information about any employees of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any information regarding any party not otherwise available to the public, subject to protection under Fed. R. Civ. P. 26(c), or under California's constitution, the United States constitution, and the common law right to privacy.

2.4     <u>"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>:  Any Discovery material that a Producing Party believes in good faith to contain information involving highly sensitive information, including but not limited to information involving transactional sales data; trade secrets; consumer or market research; product information; vendor or supplier contracts; sensitive and non-public research or analysis; customer

---

[1] Definitions are listed in alphabetical order, with the exception of the CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designations.

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

information, including but not limited to non-public customer complaints; financial, marketing, or strategic business planning information; pricing information; non-public information related to government or regulatory investigations; information related to government relations strategy; information relating to research, development, testing of, or plans for existing or proposed future products; Board of Directors information and materials, or information relating to corporate governance or executive committee selection; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; personnel files; and communications that constitute, incorporate, summarize, or reference any HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information.

2.5     Counsel:  Attorneys who fall within the definition of Outside Counsel or House Counsel, defined as:

(a) Outside Counsel: Attorneys who have been retained to represent or advise a Party to this Action and attorneys who are affiliated with a law firm that has been retained by a Party to this Action, including Support Staff; and/or, for Defendant, attorneys representing an insurer or indemnitor of Defendant, including the insurer's or indemnitor's legal personnel.

(b) House Counsel:  Attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel or any other outside counsel.

2.6     Designating Party:  A Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action by Parties and Non-Parties.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or

as a consultant in this action; (2) is not a current employee of a Party or of a Party's competitor; (3) has not been employed by a Party's competitor for the past five years; and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

2.9      Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10      Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support personnel).

2.11      Privileged Documents:  Disclosure or Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity from production.

2.12      Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13      Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14      Protected Material:  Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.15      Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16      Support Staff:  Legal affiliates, including but not limited to paralegals, investigative, technical, secretarial, clerical, accountants, assistants, vendors, and other personnel who are engaged in assisting Outside Counsel.

**3.      SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect unless a Producing Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Manner and Timing of Designations.

Indiscriminate or routinized designations are prohibited, although the designation of substantially all of a Party's production of documents as Protected Material, if otherwise appropriate under this Stipulated Protective Order, will not render such designation improper. The Parties do not wish to create undue complications with respect to the filing of documents with the Court, interfere with preparation for trial or any alternative dispute resolution, and otherwise unduly raise the costs of litigation. The Parties agree to exercise good faith in responding to requests from a Requesting Party to de-designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," in accordance with Section 6, below. To the extent that any documents designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" are known or determined to be publicly available in identical form—including press releases, SEC filings, newspaper articles, internet postings and other media—the Parties agree to promptly de-designate any such material upon its identification as such.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)  For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, the Designating Party may, within twenty-one (21) days after receipt of a final transcript, identify the specific portions of testimony as to which protection is sought and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") by notifying the court reporter and all Parties in writing.  Only those portions of the testimony that are appropriately designated for protection within twenty-one (21) days after receipt of a final transcript shall be covered by the provision of this Stipulated Protective Order.  A Designating Party may specify, at the deposition or up to twenty-one (21) days after receipt of a final transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c)  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

**6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and generally describing the basis for the challenges.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the confidentiality designation within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the

8

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the challenge to the confidentiality designation for each challenged designation.  The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including through mediation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel, as well as Outside Counsel and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel, and any appellate court having jurisdiction over the Action and their personnel;

9

1   (d) Court reporters and their staff;

2   (e) Professional jury or trial consultants, mock jurors, and Professional Vendors to

3   whom disclosure is reasonably necessary for this litigation and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5   (f)  During their depositions, witnesses, and attorneys for witnesses, in the Action to

6   whom disclosure is reasonably necessary;

7   (g) The author or recipient of a document containing the information or a custodian

8   or other person who otherwise possessed or knew the information;

9   (h) Mediators or arbitrators, and their support personnel, engaged by the Parties for

10   settlement purposes in this Action; and

11   (i)  Other persons only by written consent of the Designating Party or upon order of

12   the Court and on such conditions as may be agreed to or ordered.

13   7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

14   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

15   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16   CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

17   (a) the Receiving Party's Counsel of record, including employees to whom it is

18   reasonably necessary to disclose the information for this litigation;

19   (b) the Court and its personnel and any appellate court having jurisdiction over the

20   Action and their personnel, as well as any mediator or arbitrator that the Parties have agreed in

21   writing to use or have been ordered to use in connection with this action;

22   (c) court reporters and their staff, professional jury or trial consultants, and

23   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

24   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25   (d) any insurer of the Receiving Party that may be liable to satisfy all or part of a

26   possible judgment in the action or to indemnify or reimburse for payments made to satisfy any

27   10

28

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

such possible judgment who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided such individual's status as author, recipient or custodian is apparent on the face of the document.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1     Inadvertent Production of Privileged Material.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), having reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties incorporate their agreement in this Stipulated Protective Order submitted to the court.

The procedure set forth below is intended to provide the Producing Party or any other Party purporting to hold a privilege with an efficient procedure for retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution of any dispute over the privileged or protected status of the material, and for foreclosing any arguments of waiver.

(a) If a Producing Party or any other Party purporting to hold a privilege has a good faith belief that Privileged Material has inadvertently been produced and promptly upon discovery of the inadvertent production notifies all Parties in writing that Privileged Material was disclosed, then, consistent with federal law, the inadvertent production of Privileged Material shall not be deemed a waiver.  If a Receiving Party discovers the inadvertent production of Privileged Material by a Producing Party, then, consistent with federal law, it shall have a duty to promptly upon

13

discovery of the inadvertent production give the Producing Party written notice of the inadvertent production of Privileged Material.  The obligations of the Parties are those set forth in the Federal Rules of Civil Procedure 26(b)(5)(B).

         (b) Upon receipt of notice of inadvertent disclosure of Privileged Material, all other Parties (regardless of whether they agree with the claim of privilege or other protection) shall promptly (i) use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so; and (ii) take reasonable steps to retrieve and destroy or sequester the inadvertently produced Privileged Material from other persons, if any, to whom such Privileged Material has been provided, and notify the Producing Party that they have done so.

         (c) To the extent a Receiving Party disputes the claim of privilege or other protection with respect to the inadvertently disclosed Privilege Material, such Party shall notify in writing the Producing Party, or any other Party purporting to hold a privilege, with a copy to all Counsel, of its position within thirty (30) business days of receiving the notice of inadvertent disclosure and shall return or destroy all documents identified by the Producing Party within thirty (30) business days of receipt of notice that the documents were inadvertently produced, but may retain one copy of any such document solely for the purpose of meeting and conferring with the Producing Party over the claim of privilege, which shall remain segregated and protected against further disclosure and use during the pendency of any dispute over its status.  Within seven (7) business days of receiving the notice of dispute from the Receiving Party, the Producing Party, or any other Party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Receiving Party in an effort to resolve their disagreement.  If no such resolution is reached within sixty (60) business days, the Receiving Party may apply to the Court for a ruling on the claim of privilege in accordance with Civil Local Rule 79-5 regarding sealed records and procedures for filing records under seal, for a determination of the claim, or may return or destroy

the documents and make no further use of the information in the documents.  In arguing issues

concerning protection for material claimed to constitute Privileged Material, no Party may assert

as a basis for the relief it seeks (including if a Receiving Party seeks a ruling that the disclosed

information was never privileged) the fact or circumstances that such documents already have

been inadvertently produced in the Action or a related action.

(d) If, during a deposition, a Party claims that a document being used in the

deposition is Privileged Material, it may at its sole discretion (i) allow the document to be used in

the deposition without waiver of its claim of privilege or work-product protection, or (ii) instruct

the witness not to answer questions concerning the document pending a prompt resolution of any

disagreement concerning the document's privileged or other protected status.  If a Party claiming

privilege allows the examination concerning the document to proceed on a non-waiver basis, the

parties shall sequester all copies of the purportedly-privileged document and any testimony

relating thereto.  Immediately following the deposition, the parties will commence the procedure

outlined in the preceding subparagraphs to address the claim of privilege or other protection.  Until

the dispute is resolved, counsel for the parties shall treat the transcript of such deposition as

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and, further, shall not distribute such

transcript or disclose the purportedly-privileged document or testimony to any person, except as is

necessary to commence the procedure outlined in the preceding subparagraphs.  If the Party

instructs the witness not to answer questions concerning the document, the Parties will then

cooperate in promptly submitting the issue of the document's status to the Court.

Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right

of privacy, immunity from production or proprietary interest with respect to any document or

information.

11.2    <u>Inadvertent Production of Protected Material</u>.  If any Producing Party inadvertently

produces or discloses materials labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY" without marking it with an appropriate designation, the Producing

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362

Party or a Designating Party shall promptly notify the Receiving Party that the information should be treated in accordance with the terms of this Stipulated Protective Order, and shall forward appropriately-stamped copies of the items in question.  Within five (5) days of the receipt of substitute copies, the Receiving Party shall return or destroy the previously unmarked items and all copies thereof.  The Receiving Party may retain one (1) copy of each disclosure or discovery material at issue, but any such retain copies shall be sequestered and shall not be used for any purposes except to meet and confer with the Producing Party regarding the claimed privilege or immunity and/or to present information to the Court regarding the claimed privilege or immunity. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

**12.    <u>MISCELLANEOUS</u>**

      12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

      12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal

16

pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

(a) A Disclosing Party that wishes to file its own material that it designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY without sealing it may do so with no further notice to the other Parties or order of the Court. A Disclosing Party that wishes to file its own material that it designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under seal must comply with the procedures set forth in Civil Local Rule 79-5.

(b) Notwithstanding any other provisions of this Paragraph 12.3, except to the extent otherwise required by Court order or law, the Parties must redact Social Security Numbers, tax information, financial account numbers, driver's license numbers, and any other information as required by the Federal Rules of Civil Procedure 5.2, from all documents filed with the Court. In the case of "personal records" of any "consumer" containing "information which would in any way identify [that] consumer" within the meaning of California Code of Civil Procedure § 1985.3, no Party shall be prevented from seeking to redact such information and in its place affix a unique, randomly assigned identification number to identify all documents related to a particular consumer for purposes of admission and use at trial in an unsealed courtroom.

(c) The designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall not constitute evidence as to whether such material may properly be filed under seal. A party's failure to contest a Disclosing Party's designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY before the filing of a motion to seal shall not be deemed an admission by such party that such documents or material should be filed under seal.

(d) Nothing in this Order shall be construed to waive a party's right to argue that CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material that is

17

filed under seal is fully admissible and otherwise available for use at trial in an unsealed courtroom, either with or without redactions.

(e) While a motion to seal is pending and before the Court has ruled, no party shall make use in open court of any Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

**13.    FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order for the duration as set forth in Section 4.

18

1    **IT IS SO STIPULATED.**

2    Dated:  July 10, 2023

3    */s/ Kyle Norman Gurwell*
     Kyle Norman Gurwell (State Bar No. 289298)
4    7755 Center Ave.
     Suite 1100
5    Huntington Beach, CA 92647
     T: 714-372-2245
6    kng@lawofficekg.com

7    Jonathan Shub (State Bar No. 237708)
8    **SHUB LAW FIRM LLC**
     134 Kings Highway E, 2nd Floor
9    Haddonfield, NJ 08033
     T: 856-772-7200
10   F: 856-210-9088
     jshub@shublawyers.com
11

12   Spencer Sheehan
     **SHEEHAN & ASSOCIATES, P.C.**
13   60 Cuttermill Rd Ste 409
     Great Neck, NY 11021
14   T: (516) 268-7080
     spencer@spencersheehan.com
15
     *Attorneys for Plaintiff and Putative Class Members*
16

17   Dated: July 10, 2023                    PATTERSON BELKNAP WEBB & TYLER LLP

18

19                                           */s/ Steven A. Zalesin*
                                             Steven A. Zalesin
20                                           sazalesin@pbwt.com
                                             Jane Metcalf
21                                           jmetcalf@pbwt.com
                                             Dakotah M. Burns
22                                           dburns@pbwt.com
                                             PATTERSON BELKNAP WEBB & TYLER LLP
23                                           1133 Avenue of the Americas
                                             New York, New York 10036
24                                           T: (212) 336-2000

25                                           Gary T. Lafayette (SBN 88666)
                                             glafayette@lkclaw.com
26                                           Brian H. Chun (SBN 215417)
                                             bchun@lkclaw.com

27                                 19        STIPULATED AND
                                             PROTECTIVE ORDER
28                                           CASE NO. 4:22-cv-01362

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
T: (415) 357-4600

*Attorneys for Defendant The Coca-Cola Company*

20

1

## **<u>ATTESTATION</u>**

2

       Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I hereby attest that concurrence in

3

the filing of this document has been obtained from all of the signatories above.

4

5

       Dated:  July 10, 2023               */s/ Kyle Norman Gurwell*

                                       Kyle Norman Gurwell (State Bar No. 289298)

6

7

                              *  *  *  *  *

8

9

10

PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12

13

DATED: 7/17/2023

14

HONORABLE HAYWOOD S. GILLIAM, JR.

UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

                                21                         STIPULATED AND

PROTECTIVE ORDER

CASE NO. 4:22-cv-01362

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Tapia v. The Coca-Cola Company*, No. 4:22-cv-01362.  I will maintain all such Protected Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Protected Material, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the confidential information,  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED AND
PROTECTIVE ORDER
CASE NO. 4:22-cv-01362